UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

\* * * * * * * * * * * * * * * * * * *

REPORT AND RECOMMENDATION

\* * * * * * * * * * * * * * * * * * *

Barbara R. Burns,

                Plaintiff,

vs.

Office of Attorney General,
State of Minnesota and its inferior
political subdivisions; City of
Apple Valley, its employees
and agents; Dakota County,
its employees and agents, City of
Richfield; City of Richfield Police
Department; Thomas FitzHenry;
Hennepin County, its employees
and agents; and Steven Sutton,

                Defendants.      Civ. No. 05-858 (PJS/RLE)

\* * * * * * * * * * * * * * * * * *

This matter came before the undersigned United States Magistrate Judge pursuant to a general assignment, made in accordance with the provisions of Title 28 U.S.C. §636(b)(1)(B), upon the Plaintiff's Motion to Stay these proceedings pending completion of her current appeal to the United States Court of Appeals for the Eighth

Circuit. See, Docket No. 107. Deeming oral argument unnecessary, and for reasons which follow, we conclude that a Stay should be granted.

The Plaintiff's Motion to Stay requires some brief background for context. On October 5, 2005, the Plaintiff filed a Petition for Writ of Prohibition/Mandamus with the United States Court of Appeals for the Eighth Circuit. As part of that Petition, the Plaintiff requested the Court "to issue a writ for prohibition to restrain the United States District Court for the District of Minnesota from acting in the above entitled matter [i.e., this action], which is presently pending before the United States Court of Appeals for the Third Circuit; and for a writ of mandamus requiring the Clerk of the United States District Court for the District of Minnesota to return the file in the above-entitled matter [i.e., this action] to the Clerk of the United States District Court for the District of New Jersey." Docket No. 41-2, at p. 1.

As urged by the Plaintiff, the requested Writs were necessary because the Plaintiff "did not file the action at bar in Minnesota, and thereby did not voluntarily submit to the jurisdiction of the Minnesota courts, the Minnesota District Court does not have, and cannot obtain, personal jurisdiction of the Petitioner/Plaintiff, a domiciliary of New Jersey." Id. at pp. 11-12. Notwithstanding the Plaintiff's urging, the Court of Appeals denied her Petition on October 13, 2005. See, Docket No. 43,

at p. 1. The Plaintiff subsequently filed a Notice of Appeal on January 3, 2006, but the precise issues on appeal are not disclosed in the Record before us. In any event, on January 30, 2006, the Plaintiff's appeal was "dismissed for lack of jurisdiction." Docket No. 77, at p. 1.

Most recently, the Plaintiff filed a Notice of Appeal on September 19, 2006, from the District Court's Order of August 11, 2006, "and prior orders of the United States District [Court] for the District of Minnesota." Docket No. 109, at p. 1. Previous to the filing of that appeal, the Plaintiff filed her Motion to Stay, on September 15, 2006, which currently pends before us. See, Docket No. 107. The Plaintiff contends that, when the District Court, the Honorable Patrick J. Schiltz presiding, adopted the Report and Recommendation of Magistrate Judge Janie S. Mayeron denying certain of the Defendants' Motions to Dismiss, the Court was implicitly rejecting the contentions that the Plaintiff had raised concerning her belief that the Court is without jurisdiction over her person. In point of fact, the Plaintiff's Motion to Retransfer, which was filed on September 1, 2006, see, Docket No. 90, has not been ruled upon by the District Court, and is one of the subjects of our briefing

schedule, which was contained in our Order of September 13, 2006.[1] See, Docket No. 100, at p. 4. As a consequence, the Plaintiff's Motion to Retransfer this action to the United States District Court for the District of New Jersey remains pending.

    A.    Standard of Review. "Once a notice of appeal is filed, the district court is divested of jurisdiction over matters on appeal." State of Missouri ex rel. Nixon v. Coeur D'Alene Tribe, 164 F.3d 1102, 1106 (8th Cir.1999), cert. denied, 527 U.S. 1039 (1999), citing Griggs v. Provident Consumer Discount Co., 459 U.S. 56, 58 (1982), and Liddell v. Board of Educ., 73 F.3d 819, 822 (8th Cir. 1996). As our Court of Appeals went on to explain:

---

[1]We note that the Plaintiff has repeatedly asserted in her correspondence that she believes this Court lacks personal jurisdiction over her. See, e.g., Letter, Docket No. 47. She also referenced that argument in a Motion previously presented to this Court. See, Plaintiff's Motion and Memorandum to Strike Defendants' Motions, or Alternatively, For an Order Denying Defendants' Motions as Moot, Docket No. 69 ("Plaintiff hereby moves the appellate court of jurisdiction for an order directing the Clerk of the Minnesota District Court to vacate the transfer order of the United States District Court for the District of New Jersey * * *; or, in the alternative, * * * an order of remand to the United States District Court for the District of New Jersey."). However, the District Court denied her Motion, see, Docket No. 70, and it is unclear if she has ever appealed that decision to our Court of Appeals. More importantly, the reference we have quoted reflects that the Plaintiff's request was in the form of a Motion to "the appellate court of jurisdiction," and not to the District Court. As a consequence, her transfer argument has not been expressly ruled upon by the District Court. See, Docket Nos. 70 and 78.

> For example, while an appeal is pending, the district court may not reexamine or supplement the order being appealed. See 20 Moore's Federal Practice §303.32[2][a] [ii] & n. 15. This jurisdictional principle is not absolute. To prevent parties from using frivolous appeals to delay or interrupt proceedings in the district court, that court does not normally lose jurisdiction to proceed with this case when one party appeals a non-appealable order. Id. at §303.32[2][b][iv][B] & cases cited. However, appellate jurisdiction is primarily an issue for the appellate court. Therefore, if an appeal is taken from an interlocutory order and the issue of appealability is in doubt, the district court should stay its hand until we resolve the issue of our jurisdiction or remand for further clarification of that issue.

Id. at 1106-07, citing Johnson v. Hay, 931 F.2d 456, 459 n. 2 (8th Cir. 1991); Knutson v. AG Processing, Inc., 302 F. Supp.2d 1023, 1030 (N.D. Iowa 2004)("So complete is the transfer of jurisdiction that any orders of the district court touching upon the substance of the matter on appeal are considered null and void if entered subsequently to the filing of the notice of appeal."), quoting 16A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure §3949.1 (3rd ed. 1999).

"The jurisdictional transfer principle is not absolute," as the "principle does not divest the district court of all jurisdiction -- but rather, only jurisdiction over the matters appealed." Knutson v. AG Processing, Inc., supra at 1031, citing Marrese v. Am. Academy of Orthopaedic Surgeons, 470 U.S. 373, 379 (1985). In addition, "[t]he district court retains jurisdiction to adjudicate matters collateral, or tangential, to the appeal." Id., citing Harmon v. United States Through Farmers Home Admin., 101 F.3d 574, 587 (8th Cir. 1996).

      B.    <u>Legal Analysis</u>. While somewhat obscure, it appears that the Plaintiff's appeal challenges this Court's jurisdiction over her, and seeks to have this matter removed to the District Court for the District of New Jersey, from whence it came. Whether the Court of Appeals will consider that argument seems problematic. First, the Court has once before considered the argument, and was not persuaded to issue either a Writ of Prohibition, or one of Mandamus. Second, the Plaintiff may well have been raising that same generic issue in her first interlocutory appeal and, on that occasion, the Court dismissed the appeal for want of jurisdiction. Little has changed to alter the Court's consideration of that generic issue at this time, as the District Court has not ruled upon the Plaintiff's Motion to Retransfer this case to the District of New Jersey.

    Although we are constrained to express doubt as to the appealability of the issues that the Plaintiff now raises in her Notice of Appeal, our Court of Appeals has instructed, where the "issue of appealability is in doubt, that the district court should stay its hand until [the Court of Appeals] resolve[s] the issue of [] jurisdiction, or remand[s] for further clarification." <u>State of Missouri ex rel. Nixon v. Coeur D'Alene Tribe</u>, supra at 1107; see also, <u>Twin Cities Galleries, LLC v. Media Arts Group, Inc.</u>, 431 F. Supp.2d 980, 983 (D. Minn. 2006)(declining to consider issue of appealability,

or supplement or clarify an Order on interlocutory appeal).  Here, the Plaintiff's appeal questions the jurisdiction of this Court to proceed and, if she is correct, and the issues she seeks to address are appealable, then any act we take could arguably be construed as an attempt to address that fundamental jurisdictional question, even though it has not been squarely addressed, let alone resolved, by the District Court.

Given these circumstances, we conclude that the better exercise of discretion is to "stay our hand" until the Court of Appeals considers, and resolves, the appealability of the Plaintiff's Notice of Appeal.  This action has been effectively stayed previously, while the Court of Appeals for the Third Circuit considered the Plaintiff's appeal of the Transfer of Venue Order of the District Court in the District of New Jersey, see, <u>Docket No. 37</u>, and subsequently, when the Court of Appeals for the Eighth Circuit considered the Plaintiff's Petition for a Writ of Prohibition/ Mandamus.  See, <u>Docket No. 42</u>.  Given this history, we find that a modest stay, at this juncture, will not prejudice the interests of any party.  Accordingly, we recommend that the Plaintiff's Motion to Stay pending the completion of her appeal to the Court of Appeals for the Eighth Circuit be granted.

NOW, THEREFORE, It is --

RECOMMENDED:

That the Plaintiff's Motion for a Stay of District Court Proceedings [Docket No. 107 be granted until such time as the United States Court of Appeals for the Eighth Circuit rules on the Plaintiff's pending appeal.

Dated: September 27, 2006                    *s/Raymond L. Erickson*
                                             Raymond L. Erickson
                                             CHIEF U.S. MAGISTRATE JUDGE

## NOTICE

Pursuant to Rule 6(a), Federal Rules of Civil Procedure, D. Minn. LR1.1(f), and D. Minn. LR72.2, any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties **by no later than October 16, 2006**, a writing which specifically identifies those portions of the Report to which objections are made and the bases of those objections. Failure to comply with this procedure shall operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.

If the consideration of the objections requires a review of a transcript of a Hearing, then the party making the objections shall timely order and file a complete

transcript of that Hearing **by no later than October 16, 2006** unless all interested parties stipulate that the District Court is not required by Title 28 U.S.C. §636 to review the transcript in order to resolve all of the objections made.