UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

REPORT AND RECOMMENDATION

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

Barbara R. Burns,

                    Plaintiff,

    vs.

Office of Attorney General,
State of Minnesota and its inferior
political subdivisions; City of
Apple Valley, its employees
and agents; Dakota County,
its employees and agents; City of
Richfield; City of Richfield Police
Department; Thomas FitzHenry;
Hennepin County, its employees
and agents, and Steven Sutton,

                    Defendants.        Civ. No. 05-858 (PJS/RLE)

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

I.  <u>Introduction</u>

    This matter came before the undersigned United States Magistrate Judge

pursuant to a general assignment, made in accordance with the provisions of Title 28

U.S.C. §636(b)(1)(B), upon the Motions of the Plaintiff for Default Judgment against

several of the Defendants, to Strike several of the Defendants' filings, and to further

stay any proceedings.  For these purposes, the Plaintiff appears pro se; the Defendant

County of Dakota ("Dakota County") appears by Andrea G. White, Assistant Dakota

County Attorney; the Defendant Office of Attorney General, State of Minnesota

("OAG") appears, by way of a limited appearance, by John S. Garry, Assistant

Minnesota Attorney General; the Defendants City of Apple Valley ("Apple Valley"),

City of Richfield ("Richfield"), City of Richfield Police Department ("RPD"), and

Thomas FitzHenry ("FitzHenry")(collectively, "the Richfield and Apple Valley

Defendants), appear by Jason M. Hiveley, Esq.; and the Defendant County of

Hennepin ("Hennepin County") appears by Toni A. Beitz, Senior Assistant Hennepin

County Attorney.  Deeming oral argument unnecessary, and for reasons which follow,

we recommend that the Plaintiff's Motions be denied.[1]

---

[1]On September 13, 2006, we directed the Defendants to file any response to the
Plaintiff's pending Motions by September 20, 2006.  See, Order, Docket No. 100, at
p. 5.  As we advised the parties, we would subsequently determine whether oral
argument was necessary to the resolution of the Plaintiff's Motions, after receipt of
the papers.  See, Id., at p. 4.  We have received filings in opposition to the Plaintiff's
Motions, see, Docket Nos. 104, 110, 115-116, as well as the Plaintiff's reply to those
filings, see, Docket No. 120.  After reviewing the contents of those filings, we find
that oral argument is unnecessary for the resolution of the Plaintiff's Motions.

Our consideration of the Motions was deferred, as the Plaintiff exhausted her
(continued...)

II.  <u>Factual and Procedural Background</u>

By way of background, on November 10, 2004, the Plaintiff filed a Complaint, in the United States District Court for the District of New Jersey.  See, <u>Complaint,</u> <u>Docket No. 2</u>.  In response, Hennepin County filed a Motion to Dismiss, see, <u>Docket</u> <u>No. 4</u>.  On April 12, 2005, Hennepin County's Motion was denied, and this case was transferred, pursuant to Title 28 U.S.C. §1406(a), to this District.  <u>Order</u>, <u>Docket No.</u> <u>18</u>.

On August 8, 2006, the District Court, the Honorable Patrick J. Schiltz presiding, denied the respective Motions of Hennepin County, and the Richfield and Apple Valley Defendants, to Dismiss.  See, <u>Docket No. 79</u>.  On August 11, 2006, we issued a pre-Trial Notice and Order, and directed each of the parties to file a Statement of the Case, which was to consist of "a concise statement of the party's version of the facts of the case; a listing of particularized facts which support the claimed liability or defenses, including any applicable statutes as identified by number; and an

---

[1](...continued)
remedies with the United States Court of Appeals for the Eighth Circuit.  On February 6, 2007, that Court issued an Order that denied the Plaintiff's Petition for a Rehearing by the Panel, and also denied the Plaintiff's Motion to Transfer the case to the United States Court of Appeals for the Third Circuit.  The Court's Order was docketed in this Court on March 6, 2007.  See, <u>Docket No. 128</u>.

itemization and explanation of any claimed damages." Order, Docket No. 82, at p. 4.
Pursuant to that Order, several Defendants subsequently filed their respective
Statements of the Case. See, Docket Nos. 95, 98, and 99.

On August 17 and 23, 2006, Hennepin and Dakota County each filed their
respective Answers. See, Docket Nos. 84 and 85. The Richfield and Apple Valley
Defendants filed their joint Answer on August 25, 2006. See, Docket No. 86. On
September 1, 2006, the Plaintiff -- without first obtaining an Entry of Default
Judgment from the Clerk of Court -- filed a Motion for Default Judgment against the
OAG, Apple Valley, FitzHenry, and Dakota County, and moved to strike Hennepin
County's pleading as untimely. See, Docket No. 90.

On September 19, 2006, the Plaintiff filed a Notice of Appeal, from the District
Court's Order of August 11, 2006, "and prior orders of the United States District
[Court] for the District of Minnesota." Docket No. 109, at p. 1. In addition, she filed
a Motion to Stay this case, pending her appeal to our Court of Appeals, which she
premised upon her challenge to "the ability of the district court to obtain and exercise
personal jurisdiction of [sic] the plaintiff." See, Docket No. 107, at p. 1. Given the
potential that the Plaintiff was entitled to appeal that issue to our Court of Appeals, we
recommended that the Plaintiff's Motion for a Stay be granted, and that this action be

- 4 -

stayed until such time as the United States Court of Appeals for the Eighth Circuit ruled on the Plaintiff's appeal. See, <u>Docket No. 125</u>, at p. 8. The District Court, the Honorable Patrick J. Schiltz presiding, adopted our Recommendation. See, <u>Docket No. 126</u>.

On October 24, 2006, our Court of Appeals denied the Plaintiff's appeal, and the Plaintiff subsequently petitioned for a rehearing. See, <u>Plaintiff's Motion to Stay</u>, <u>Docket No. 127</u>, at p. 3, ¶10. As noted, on February 6, 2007, the Court denied the Plaintiff's Petition, and also denied the Plaintiff's Motion to transfer this action to the Court of Appeals for the Third Circuit. See, <u>Docket No. 128</u>.

### III.  <u>Discussion</u>

A.    <u>The Plaintiff's Motion to Stay the Proceedings</u>.

The Plaintiff moves for a further stay of the proceedings, until such time as our Court of Appeals rules on her Petition for a Rehearing of her appeal. However, in the interim, our Court of Appeals has denied the Plaintiff's Petition for a Rehearing. See, <u>Docket No. 128</u>. Accordingly, we deny the Plaintiff's Motion to Stay, as moot.

B.     The Plaintiff's Motion for Entry of Default Judgment.

1.     Standard of Review.  According to Rule 55(a), Federal Rules of Civil Procedure, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules, and the fact is made to appear by affidavit or otherwise, the clerk shall enter the party's default." A Judgment of default may, thereafter, be entered on application to the Court.  See, Johnson v. Dayton Electric Manufacturing Co., 140 F.3d 781, 783 (8th Cir. 1998) ("When a party 'has failed to plead or otherwise defend' against a pleading listed in Rule 7(a), entry of default under Rule 55(a) must precede grant of a default judgment under Rule 55(b)."); United States v. Woods, 2004 WL 790332 at *3 (D. Minn., March 31, 2004)("Rule 55(b)(2) commits the entry of a default judgment to the discretion of the district court."), citing FTC v. Packers Brand Meats, Inc., 562 F.2d 9, 10 (8th Cir. 1977), see, Harris v. St. Louis Police Dept., 164 F.3d 1085, 1086 (8th Cir. 1998).

When determining whether a Default Judgment is appropriate, the Court must take into account whether the party has filed a responsive Answer, or other pleading, prior to any entry of Default Judgment.  See, Johnson v. Allied Interstate Inc., 2002 WL 190624 (D. Minn., August 19, 2002)("Although the entry of a default against

Allied would have been warranted as of the date Johnson brought her motion for default judgment, no default was entered on the docket pursuant to Rule 55(a), and the Court cannot ignore the fact that an Answer has now been filed and Allied is prepared to defend the lawsuit on the merits.").

A Court may enlarge the time for filing a document when the failure to act was the result of excusable neglect.  See, Rule 6(b)(2), Federal Rules of Civil Procedure. Our Court of Appeals has also recognized that a failure to file an Answer, or other required pleading, can be excused under certain circumstances, including "excusable neglect," when faced with the potential of a Default Judgment.  See, Johnson v. Dayton Electric Manufacturing Co., supra at 784.  Notably, Rule 55(c) allows the Court to set aside an entry of default "for good cause shown," or "in accordance with Rule 60(b)" which, in turn, provides that a Judgment may be set aside upon a showing of "mistake, inadvertence, surprise, or excusable neglect."

"[W]hether conduct is excusable is an equitable determination that 'tak[es] account of all relevant circumstances surrounding the party's omission.'" Johnson v. Dayton Electric Manufacturing Co., supra at 784, citing Pioneer Investment Services v. Brunswick Associates Limited Partnership, 507 U.S. 380, 395 (1993).  Guided by Johnson v. Dayton Electric Manufacturing Co., the following factors are of principal

- 7 -

consideration: 1) "the blameworthiness of the defaulting party;" 2) whether the defaulting party has presented a meritorious defense; and 3) prejudice to the non-defaulting party. Id. at 784-785. "[P]rejudice may not be found from delay alone or from the fact that the defaulting party will be permitted to defend on the merits." Id. at 785. Instead, the asserted prejudice must be "concrete," such as "loss of evidence, increased difficulty in discovery, or greater opportunities for fraud and collusion." Id., quoting Berthelson v. Kane, 907 F.2d 617, 621 (6th Cir. 1990). Such considerations reflect the "judicial  preference for adjudication on the merits." Id. at 784, citing Oberstar v. F.D.I.C., 987 F.2d 494, 504 (8th Cir. 1993).

      2.    Legal Analysis. Since they involve somewhat different considerations, we address the Plaintiff's Motion as it relates to the following groups of Defendants.

      a.    The Dakota, Richfield and Apple Valley Defendants. All of the named Defendants, except for the OAG, have filed an Answer before the Plaintiff filed her Motion for Default Judgment.[2] Moreover, the Plaintiff has not prefaced her

---

    [2]We note that, to date, there has been no pleading expressly filed by Steven Sutten ("Sutten"), who the Plaintiff alleges "was at all relevant times an employee of Defendant Hennepin County [, and who] * * * acted under color of law and authority as an officer of Defendant Hennepin County." Plaintiff's Amended Complaint, at ¶6. However, there is no allegation in the Plaintiff's Amended Complaint that she is suing Sutten in his individual capacity, and accordingly, he is sued solely in his official (continued...)

Motion for Default Judgment with an Application for Default Judgment, as to any of the Defendants, filed with our Clerk of Court. Accordingly, we find that Plaintiff's Motion is premature at this stage of the proceedings, in the absence of an Entry of Default by the Clerk of Court. See, <u>Johnson v. Dayton Electric Manufacturing Co.</u>, supra at 783. On this basis alone, we recommend that the Plaintiff's Motion for Default Judgment be denied.

Even overlooking that procedural defect, as to those parties who have filed an Answer, we find that an Order of Default would be improper. See, <u>In re Jones Truck Lines, Inc.</u>, 63 F.3d 685, 688 (8th Cir. 1995)("The entry of default judgment is not favored by law, [United States ex rel. Time Equip. Rental & Sales, Inc. v.] Harre, 983

---

²(...continued)
capacity. "[I]n order to sue a public official in his or her personal capacity, a plaintiff must expressly and unambiguously state so in the pleadings, otherwise, it will be assumed that the defendant is sued only in his or her official capacity." <u>Johnson v. Outboard Marine Corp.</u>, 172 F,3d 531, 535 (8th Cir. 1999); see also, <u>Andrus v. Arkansas</u>, 197 F.3d 953, 955 (8th Cir. 1999)("In actions against officers, specific pleading of individual capacity is required to put public officials on notice that they will be exposed to personal liability."); <u>Artis v. Francis Howell N. Band Booster Assoc., Inc.</u>, 161 F.3d 1178, 1182 (8th Cir. 1998)("If the complaint does not specifically name the defendant in his individual capacity, it is presumed he is sued only in his official capacity."). Moreover, the Plaintiff has not alleged that Sutten was ever served personally with either iteration of the Plaintiff's Complaint. Accordingly, we construe Hennepin County's Answer as a responsive pleading to any claims asserted against Sutten in his official capacity, as a Hennepin County employee.

F.2d [128,] 130 [(8th Cir. 1993)], and should be a 'rare judicial act,'"), citing

Comiskey v. JFTJ Corp., 989 1007, 1009 (8th Cir. 1993), quoting Edgar v. Slaughter,

548 F.2d 770, 773 (8th Cir. 1977); American States Insurance Corporation v. Technical

Surfacing, Inc., 178 F.R.D. 518, 521 (D. Minn. 1998)("Accordingly, '"[w]hen a

defendant appears and indicates a desire to contest an action, a court may exercise its

discretion to refuse to enter default, in accordance with the policy of allowing cases

to be tried on their merits.'"), citing Wendt v. Pratt, 154 F.R.D. 229, 230 (D. Minn.

1994), quoting Lee v. Brotherhood of Maintenance of Way Employees, 139 F.R.D.

376, 381 (D. Minn. 1991), citing, in turn, 10 Wright, Miller & Kane, Federal Practice

and Procedure: Civil 2d, §2593, at p. 411.

Moreover, when we consider the factors identified in Dayton Electric, the

Plaintiff has failed to demonstrate that a Default Judgment against any of the

answering Defendants would be proper. Specifically, the Plaintiff has not shown that

their failure to file a timely responsive pleading was a gesture of bad faith, or was

otherwise intended to delay the proceedings. See, Forsyth v. Hales, 255 F.3d 487, 490

(8th Cir. 2001)(while "[d]efault judgment is appropriate where the party against whom

the judgment is sought has engaged in willful violations of court rules, contumacious

conduct, or intentional delays * * * [it] is not an appropriate sanction for a marginal

failure to comply with time requirements."). Moreover, the Plaintiff has not identified any prejudice, such as the destruction of evidence, that has resulted from any assertedly untimely response. See, <u>Johnson v. Allied Interstate, Inc.</u>, supra at *2 (responsive pleading that was filed sixty-four (64) days after deadline did not warrant a Default Judgment, in the absence of concrete prejudice). Instead, the Defendants assert that the Plaintiff's service of process was ineffective, and they simply waited for the proper service of a Summons and Complaint by the Plaintiff. In fact, the Record demonstrates that the Plaintiff has yet to file an Affidavit of Service as to Dakota County, or the Richfield and Apple Valley Defendants.

We also note that the Defendants have presented a number of affirmative defenses in their pleadings -- including, most notably, that the service of the Complaint and Summons was ineffective, and that the Plaintiff is not entitled to any relief as this action is barred under the doctrines of qualified, statutory, and official immunity. See, <u>Answer of Dakota County</u>, <u>Docket No. 85</u>, at ¶¶22, 23, and 25; <u>Joint Amended Answer of Apple Valley, Richfield, RPD and FitzHenry</u>, <u>Docket No. 94</u>, at ¶¶8 and 10; <u>Answer of Hennepin County</u>, <u>Docket No. 84</u>, at ¶¶24 and 25.

For the purposes of these Motions, we do not decide if the defenses are applicable, let alone dispositive, as we simply note that the meritorious defense factor

merely requires that "the proffered evidence 'would permit a finding for the defaulting party,' not whether it is undisputed." <u>Johnson v. Dayton Electric Manufacturing Co.</u>, supra at 785, quoting <u>Augusta Fiberglass Coatings, Inc. v. Fodor Contracting Corp.</u>, 843 F.2d 808, 812 (4th Cir. 1988). Here, given the potential applicability of the immunity doctrines, as well as the questionable manner of service of process upon these Defendants, we find that the answering Defendants have presented potentially meritorious defenses and, when coupled with the other <u>Dayton Electric</u> factors, we conclude that a Default Judgment is inappropriate.

In sum, the pertinent factors all weigh in favor of allowing the case against these answering Defendants to proceed on its merits. Accordingly, we recommend that the Plaintiff's request that Default Judgment be entered against those Defendants be denied.

b.    <u>The Office of Attorney General, State of Minnesota</u>.

"To enter a default judgment, a court must have jurisdiction over the defaulting party, and the defendant must have been made party to the action by proper service of process." <u>United States v. Woods</u>, 2004 WL 790332, at *3 (D. Minn., March 31, 2004); see also, <u>Printed Media Services, Inc. v. Solna Web, Inc.</u>, 11 F.3d 838, 843 (8th Cir. 1993)("If a defendant is improperly served, a federal court

lacks jurisdiction over the defendant."); <u>Dodco, Inc. v. American Bonding Co.</u>, 7 F.3d 1387, 1388 (8th Cir. 1993)(same); <u>Sieg v. Karnes</u>, 693 F.2d 803, 807 (8th Cir. 1982); see also, <u>Norysn v. Dasai</u>, 351 F.3d 825, 829 (8th Cir. 2003)("Defendants could not have been held in default for failure to answer until properly served by [the plaintiffs]."). Service of process upon a State, or other governmental organization, such as the OAG, is governed by Rule 4(j)(2), Federal Rules of Civil Procedure, which provides that "service upon a state, municipal corporation, or other governmental organization subject to suit shall be effected by delivering a copy of the summons and of the complaint to its chief executive officer or by serving the summons and complaint in the manner prescribed by the law of that state for the service of summons or other like process upon any such defendant." Given that the Office of Attorney General, State of Minnesota, is a Minnesota governmental agency, we look to the Minnesota Rules of Civil Procedure for the applicable rules concerning service of process.

Under Minnesota law, service upon the State can be effected by delivering a copy of the Complaint and Summons to "the attorney general, a deputy attorney general or an assistant attorney general." <u>Rule 4.03(d)</u>, <u>Minnesota Rules of Civil Procedure</u>. However, "[s]ervice of process in a manner not authorized by the rule is

ineffective service." Id., quoting Lundgren v. Green, 592 N.W.2d 888, 890 (Minn.

App. 1999), rev. denied (Minn., July 28, 1999), quoting in turn, Tullis v. Federated

Mutual Ins. Co., 570 N.W.2d 309, 311 (Minn. 1997).

Here, the Plaintiff represents that "[p]ersonal service of Plaintiff's Amended

Complaint upon the State of Minnesota and its inferior political sub-divisions was

made at the state capital [sic] upon one Kathleen O'Leary, an expressly authorized

representative of the Office of Attorney General, State of Minnesota on March 16,

2005." Plaintiff's Motion for Entry of Default Judgment, Docket No. 90, at p. 2 n. 2,

citing Affidavit of Service, Docket No. 12.   However, the Office of Attorney General,

State of Minnesota, was not named as a Defendant in the Plaintiff's original

Complaint.  See, Complaint, Docket No. 2.  The Affidavit of Service provides that the

OAG was served with a Complaint, and Summons, on March 15, 2005.  However, the

Plaintiff's Amended Complaint, which does name the OAG as a Defendant, is dated

March 17, 2005 -- after the purported service date.   See, Plaintiff's Amended

Complaint, at ¶2; see also, Order, Docket No. 10, at p. 2 n. 1 ("The only affidavit of

service of process that has been filed by plaintiff is for service of the original

Complaint on the [OAG], rather than the Amended Complaint in which it is named

a defendant.").  Accordingly, we find that the service of a Complaint and Summons,

- 14 -

in which the OAG was not named as a Defendant in either the caption, or the body of the Complaint, does not provide effective service, or jurisdiction over a party. See, Adams v. AlliedSignal General Aviation Avionics, 74 F.3d 882, 886 (8th Cir. 1996)("[T]here is **no** proper service when the person served [with a Complaint and Summons] is * * * not named a defendant.")[emphasis in original].

On March 22, 2005, and again, on April 18, 2005, the Plaintiff mailed a copy of the Amended Complaint to the OAG, but did so without an accompanying Summons. See, Affidavit of John Garry, at ¶2; Exhs. A and C. The Plaintiff attempted to effect service a second time, by having a copy of the Amended Complaint personally delivered upon the OAG, but again, this was not done with an accompanying Summons. See, Garry Aff., at ¶5, Exh. E. The OAG advised the Plaintiff, on three (3) separate occasions, that her service of the Amended Complaint upon it was faulty, and that she was required to accompany her service of the Amended Complaint with a Summons, and that it would not respond until such time as she complied. See, Id., Exhs. A-D. Therefore, in the absence of the effective service of a Complaint, which names the OAG as a defendant, and is accompanied by a Summons, we lack personal jurisdiction over the OAG, and accordingly, we

recommend that the Plaintiff's Motion for a Default Judgment against the OAG be denied.

Having concluded that a showing of proper service is absent from this Record, it certainly appears that one hundred and twenty (120) days have passed without the OAG being served with a Complaint and Summons as required by Rule 4(m), Federal Rules of Civil Procedure. Our Court of Appeals has specified that it is within a court's discretion to grant an extension of time, where failure to serve a party was the result of excusable neglect. See, Adams v. AlliedSignal General Aviation Avionics, supra at 886-87; see also, Otis v. Knudsen, 2007 WL 522303, at *3 (D. Minn., February 15, 2007). While it is possible that, under Rule 4(m), the Plaintiff could be granted a reasonable time to cure her failed attempt at service upon the OAG, she has been presented that opportunity on multiple occasions, and she has ostensibly refused. Further, it appears that her claims for monetary damages against the OAG would be barred, pursuant to Eleventh Amendment immunity.[3] Accordingly, we recommend

---

[3]In effect, the Eleventh Amendment immunizes from suit a "state agency or official * * * if immunity will 'protect the state treasury from liability that would have had essentially the same practical consequences as a judgment against the State itself.'" Hadley v. North Arkansas Community Technical College, 76 F.3d 1437, 1438 (8th Cir. 1996), quoting Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 123 n. 34 (1984); see also, Regents of the University of California v. Doe, 519 (continued...)

that the OAG be dismissed from this action.  However, as the Plaintiff may be able to

establish that proper service of process was, indeed, effected -- although no such basis

has been presented in the Record -- we recommend that the dismissal be without

prejudice.

      C.     <u>The Plaintiff's Motion to Strike</u>.

            1.     <u>The Plaintiff's Motion to Strike Hennepin County's Pleadings as Untimely</u>.

The Plaintiff seeks to strike Hennepin County's Answer, which

was filed on August 17, 2006, see, <u>Docket No. 84</u>, as untimely.  However, Hennepin

County has filed two (2) separate Motions to Dismiss, on February 22, 2005, see,

<u>Docket No. 4</u>, and May 13, 2005, <u>Docket No. 15</u>, respectively.  As a result, in a

Report and Recommendation, which was adopted by the District Court, Magistrate

Judge Janie S. Mayeron  found that "Hennepin County is defending this action and is

not in default."  See, <u>Report and Recommendation</u>, <u>Docket No. 78</u>, at p. 6.

---

[3](...continued)
U.S. 425 (1997); <u>Edelman v. Jordan</u>, 415 U.S. 651 (1974); <u>Ford Motor Co. v. Department of Treasury</u>, 323 U.S. 459, 464 (1945), overruled on other grounds, <u>Lapides v. Board of Regents of University System of Georgia</u>, 535 U.S. 613, 614-15 (2002).

In addition, the District Court issued its Order on Hennepin County's Motion to Dismiss on August 8, 2006.  See, <u>Order</u>, <u>Docket No. 79</u>.  We find no basis, and the Plaintiff has offered none, that Hennepin's Answer, which was filed nine (9) days after the District Court denied its Motion to Dismiss, was untimely.  Hennepin County has complied with Rule 12(a)(4)(A), Federal Rules of Civil Procedure, which provides that "the service of a motion permitted under this rule alters [the twenty (20) day time requirement provided by Rule 12(a)] * * * [and] if the court denies the motion * * * the responsive pleading shall be served within 10 days after notice of the court's action."   Accordingly, we find that Hennepin County's Answer was timely, and recommend that the Plaintiff's Motion to Strike that pleading as untimely be denied.

2.      <u>The Plaintiff's Motion to Strike the Defendants' Pled Defenses</u>.

The Plaintiff, in her supportive brief, argues, in the alternative, that several of the Defendants' asserted defenses should be struck, see, <u>Plaintiff's Memorandum in Support</u>, <u>Docket No. 90</u>, at pp. 37-46.  However, we find the Plaintiff is not entitled to such relief.  A Motion to Strike a defense will be denied "if the defense is sufficient as a matter of law or if it fairly presents a question of law or fact which the court ought to hear."  <u>Lunsford v. United States</u>, 570 F.2d 221, 229 (8th Cir.

1977), citing <u>Moore's Federal Practice</u> ¶12.21 at 2437 (2d Ed. 1975).  As the Court

observed in <u>First Bank System, Inc. v. Martin</u>, 782 F. Supp. 425, 426 (D. Minn. 1991):

> The party moving to strike under authority of Fed.R.Civ.P.
> 12(f) bears a heavy burden. * * * The Court may grant a
> motion to strike an affirmative defense only if no questions
> of law or fact exist and the defense sought to be stricken
> could not succeed under any set of circumstances.

Given this authority, it should not be surprising that a Motion to Strike is viewed with

disfavor and is infrequently granted.  <u>Id.</u>; <u>Stanbury Law Firm v. I.R.S.</u>, 221 F.3d 1059,

1063 (8th Cir. 2000)("[S]triking a party's pleadings [pursuant to Rule 12(f)] is an

extreme measure."); see also, <u>Mille Lacs Band of Chippewa Indians v. State of</u>

<u>Minnesota</u>, 952 F. Supp. 1362, 1395 (D. Minn. 1997)("While this Court has the

discretion to grant a motion to strike at any time, such motions are nonetheless viewed

with disfavor and are infrequently granted."), citing <u>Lunsford v. United States</u>, supra

at 229; <u>Federal Deposit Ins. Corp. v. R-C Marketing and Leasing, Inc.</u>, 714 F. Supp.

1535 (D. Minn. 1989),  citing <u>H.J., Inc. v. Northwestern Bell Telephone Co.</u>, 648 F.

Supp. 419, 422 (D. Minn. 1986), aff'd, 829 F.2d 648 (8th Cir. 1987), rev'd on other

grounds, 492 U.S. 229 (1989).

　　　Applying these precepts here, the Plaintiff's Motion to Strike the Defendants'

affirmative defenses must be denied.  Without a basis to assess the correctness of the

Plaintiff's contention, that the affirmative defenses are without merit, and therefore, are insufficient, we must await a proper Record to ascertain if, as the Plaintiff urges, the defenses should be stricken.[4]  For present purposes, it is sufficient to note that the Defendants' Answers have adequately pled the requisite factual and legal bases for an allegation that the Plaintiff's current action is precluded by the doctrine of immunity, or through the application of the other asserted affirmative defenses.   Were the striking of pleadings, or allegations in pleadings, allowable simply on the say-so of an opposing litigant, there would be great expedition in resolving lawsuits, but without accompanying justice.  As a result, we must await a properly developed Record before we will strike claims, or defenses, as the law requires.  See, Lunsford v. United States, supra at 229.  Accordingly, we deny this aspect of the Plaintiff's Motion as well.

     3.   The Plaintiff's Motion to Strike the Defendants' Statements of the Case.

     The Plaintiff has also filed a Motion to Strike the Defendants' Statements of the Case, purportedly pursuant to Rule 12(f), Federal Rules of Civil

---

[4]Obviously, nothing we say at this juncture prejudices the Plaintiff's right to move for the dismissal of the affirmative defenses that she here seeks to strike. Nevertheless, given the procedural vehicle she employs to remove those defenses from the action, we are unable to reach the merits of the question without a more informed Record before us.

Procedure.  See, <u>Plaintiff's Motion to Strike Defendant Pleadings</u>, <u>Docket No. 121</u>.

She argues that those filings were "unauthorized pleadings." <u>Id.</u> at p. 1.  However, as

we detailed earlier, Rule 12(f) is limited to striking the parties pleadings.  As was

explained previously by another Court in this District:

> A motion to strike under Rule 12(f) is the appropriate
> remedy for the elimination of "redundant, immaterial,
> impertinent, or scandalous matter" in a pleading.
> Fed.R.Civ.P. 12(f).  However, Rule 12(f) is applicable only
> to motions to strike portions of "pleadings, which Rule 7(a)
> defines as complaints, answers, replies to counterclaims,
> answers to cross-claims, third-party complaints, and third-
> party answers. See Fed.R.Civ.P. 7(a). Therefore, a Rule
> 12(f) motion to strike is not the proper avenue for
> challenging plaintiffs' [non-pleading filings].

<u>VanDanacker v. Main Motor Sales Co.</u>, 109 F. Supp. 2d 1045, 1047 (D. Minn., 2000).

Therefore, we find that Rule 12(f) is not the proper procedural vehicle for striking any

statements contained in a party's Statement of the Case.

Moreover, our Pretrial Scheduling Order **required** the parties to file a

Statement of the Case, and provided as follows:

> Each party shall also submit, by no later than **three (3)
> business days** prior to the Pretrial Conference, a concise
> statement of the party's version of the facts of the case; a
> listing of particularized facts which support the claimed
> liability or defenses, including any applicable statutes as
> identified by number; and an itemization and explanation
> of any claimed damages. This Statement of the Case is to

- 21 -

> be filed pursuant to the Electronic Case Filing Procedures
> of the District of Minnesota and served on opposing
> counsel.

Order, Docket No. 82, at pp. 4-5.

While the Plaintiff alternatively suggests that we should strike those Statements of the

Case, pursuant to Rule 7(b), Federal Rules of Civil Procedure, she fails to support her

Motion by anything other than her conclusion, and provides no cogent rationale which

would counsel the striking of the Defendants' Statements of the Case.   Those

statements serve no other purpose than briefly providing an overview of each party's

positions; they do not constitute either evidence or argument.   Accordingly, we deny

the Plaintiff's Motion to Strike the Defendants' Statements of the Case.

      D.      The Plaintiff's Motion to Re-Transfer.

      The Plaintiff also seeks to "retransfer" this action back to the United

States District Court for the District of New Jersey, and contends that this Court lacks

personal jurisdiction over her, as she purportedly lacks "minimum contacts" with

Minnesota.   See, Docket No. 90, at p. 19.   However, the Plaintiff, in her Amended

Complaint, alleges that she is an "adult individual and citizen of the states of New

Jersey and Minnesota, at all relevant times residing [in] Apple Valley, Minnesota."

See, Amended Complaint, at ¶1.   In addition, although this action was proceeding in

- 22 -

New Jersey **before** its transfer to this Court, the Plaintiff signed an Affidavit, dated April 4, 2005, which was "witnessed by hand," in Bloomington, Minnesota.  Affidavit of Barbara Burns, Docket No. 11, Att. No. 17, at p. 2.  Given her pleadings and acts, we find her argument, that she lacked minimum contacts with the State of Minnesota, for purposes of this lawsuit, unpersuasive.

Moreover, personal jurisdiction over a **plaintiff** is not dispositive as to the personal jurisdiction inquiry.  See, Keeton v. Hustler Magazine, Inc., 465 U.S. 770, 779 (1984)("Plaintiff's residence in the forum State is not a separate requirement, and lack of residence will not defeat jurisdiction established on the basis of defendant's contacts," and "we have upheld the assertion of jurisdiction where such contacts were entirely lacking"), citing Perkins v. Benguet Mining Co., 342 U.S. 437 (1952).  "In judging minimum contacts 'the focus is' on 'the relationship among the defendant, the forum, and the litigation,'"  Servewell Plumbing, LLC v. Federal Ins. Co., 439 F.3d 786, 789-90 (8th Cir. 2006), quoting Keeton v. Hustler Magazine, Inc., supra at 775, quoting in turn Shaffer v. Heitner, 433 U.S. 186, 204 (1977); see also, Viron Intern. Corp. v. David Boland, Inc., 237 F. Supp. 2d 812, 818 (W.D. Mich. 2002) (finding that transfer to a Court located in a forum State, which lacked minimum contacts with the plaintiff, was permitted, and noted that "[a] court may lack personal jurisdiction

- 23 -

over a defendant, but never over a plaintiff, who consents to such jurisdiction by filing suit."); Murray v. Scott, 176 F. Supp. 2d 1249, 1255 (M.D. Ala. 2001)(noting that, "[i]n no case cited by [the plaintiff] or discovered by this court has the lack of personal jurisdiction over a plaintiff been a unilateral preclusion to transfer," and that "[t]he requirement that a litigant have minimum contacts with the forum simply does not exist for an ordinary plaintiff.").

Lastly, our Court of Appeals denied the Plaintiff's request to transfer this action to the United States Court of Appeals for the Third Circuit, presumably to appeal this action's original transfer to this District.  In sum, for all of the foregoing reasons, we recommend that the Plaintiff's Motion to Retransfer this action back to the District of New Jersey be denied.

NOW, THEREFORE, It is --

RECOMMENDED:

1.      That the Plaintiff's Motion for Entry of Default Judgment, to Re-Transfer, and to Strike [Docket No. 90] be denied.

2.      That the Plaintiff's Motion to Strike Defendant Pleadings [Docket No. 121] be denied.

3.    That the Plaintiff's Motion to Stay District Court Proceedings [Docket No. 127] be denied.


Dated:  March 8, 2007                              *s/Raymond L. Erickson*
                                                   Raymond L. Erickson
                                                   CHIEF U.S. MAGISTRATE JUDGE


## NOTICE

Pursuant to Rule 6(a), Federal Rules of Civil Procedure, D. Minn. LR1.1(f), and D. Minn. LR72.1(c)(2), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties **by no later than March 23, 2007**, a writing which specifically identifies those portions of the Report to which objections are made and the bases of those objections.  Failure to comply with this procedure shall operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.

If the consideration of the objections requires a review of a transcript of a Hearing, then the party making the objections shall timely order and file a complete transcript of that Hearing by no later than **March 23, 2007**, unless all interested

parties stipulate that the District Court is not required by Title 28 U.S.C. §636 to review the transcript in order to resolve all of the objections made.