# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

Barbara R. Burns,

                    Plaintiff,

vs.                                                    ORDER

Office of Attorney General,
State of Minnesota and its inferior
political subdivisions; City of
Apple Valley, its employees
and agents; Dakota County,
its employees and agents, City of
Richfield; City of Richfield Police
Department; Thomas FitzHenry;
Hennepin County, its employees
and agents; and Steven Sutton,

                    Defendants.          Civ. No. 05-858 (PJS/RLE)

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## I. Introduction

This matter came before the undersigned United States Magistrate Judge

pursuant to a general assignment, made in accordance with the provisions of Title 28

U.S.C. §636(b)(1)(A), upon the respective Motions of the Defendants to Amend the

Pretrial Scheduling Order, and to Compel Discovery, as well as the Plaintiff's Motion

for a Protective Order.  See, <u>Docket Nos. 140, 145, 151, and 158.</u>   As we noted in our previous Order, see, <u>Docket No. 159</u>, we deemed oral argument on these Motions unnecessary, and having now received all of the parties' briefing, we issue this Order resolving the matters in controversy.   For reasons which follow, we grant the Defendants' Motions, and deny the Plaintiff's Request for a Protective Order.

## II.  <u>Discussion</u>

On September 14, 2006, we issued a Scheduling Order, which established several deadlines to guide the pretrial process in this litigation.  See, <u>Order</u>, <u>Docket No. 103</u>.  Specifically, we set a deadline of May 1, 2007, by which the parties could engage in fact discovery.  <u>Id.</u> at p. 1.  Five (5) days later, the Plaintiff appealed an Order to our Court of Appeals.  See, <u>Docket No. 109</u>.  On October 20, 2006, the District Court, the Honorable Patrick J. Schiltz presiding, adopted our Recommendation, that the Plaintiff's Motion be granted, and that this matter be stayed "until such time as the United States Court of Appeals for the Eighth Circuit rules on the Plaintiff's pending appeal."  See, <u>Order</u>, <u>Docket No. 126</u>.

On October 24, 2006, the Court of Appeals denied the Plaintiff's appeal, and the Plaintiff subsequently petitioned for a rehearing.  See, <u>Plaintiff's Motion to Stay</u>, <u>Docket No. 127</u>, at p. 3, ¶10.  On February 6, 2007, the Court denied the Plaintiff's

Petition, and also denied the Plaintiff's Motion to transfer this action to the Court of Appeals for the Third Circuit.  See, <u>Docket No. 128</u>.  Accordingly, this action was no longer subject to any Court-imposed Stay.

On November 27, 2006, the Defendants City of Apple Valley, City of Richfield, City of Richfield Police Department, and Thomas FitzHenry (collectively, "the Apple Valley and Richfield Defendants"), served the Plaintiff with discovery requests.  See, <u>Affidavit of Jason M. Hiveley</u>, <u>Docket No. 149</u>, at ¶2; Exh. A.  On January 8, 2007, the Defendant Hennepin County served its Interrogatories and Request for Production of Documents on the Plaintiff via mail.  See, <u>Affidavit of Toni A. Beitz</u>, <u>Docket No. 143</u>, at ¶2; Exhs. A and B.  On January 26, 2007, the Defendant Dakota County served the Plaintiff with several Interrogatories.  See, <u>Affidavit of Andrea G. White</u>, <u>Docket No. </u>, at ¶2; Exh. A.  The Defendants represent that they have subsequently contacted the Plaintiff, and reminded her of her obligation to respond to their discovery requests, which were then overdue.

In response, the Plaintiff argues that the discovery requests are "burdensome, frivolous, and harassing; that the Plaintiff has challenged the ability of this court to exercise jurisdiction of an involuntary, out-of-state Plaintiff who did not file or participate in the filing of this action in Minnesota; and that discovery is unnecessary

- 3 -

because the facts to which Defendants have previously stipulated entitle the Plaintiff to summary judgment."  See, <u>Plaintiff's Motion for a Protective Order</u>, <u>Docket No. 138</u>, at p. 1.  Notably, the Plaintiff does not contend that she failed to receive the discovery requests, nor does she challenge the assertion that her responses are overdue.  Instead, her brief simply reiterates her repeatedly rejected contention, that this Court lacks jurisdiction over her claims, and further argues, in a conclusory fashion, that the discovery requests "evidence bad faith, are burdensome and harassing, and are not calculated to lead to admissible evidence."  <u>Id.</u> at p. 5.

As we have noted previously, the transferring District Court in New Jersey, the Court of Appeals for the Third Circuit, and now our own Court of Appeals, have all directed, or upheld, the transfer of the Plaintiff's case to this District.  See, <u>Order</u>, <u>Docket No. 128</u>; see also, <u>Hennepin County's Memorandum in Support of Motion to Compel</u>, <u>Docket No. 142</u>, at p. 2 ("[S]ubstantial legal resources were expended in the District of Minnesota, and the Third and Eighth Circuit Courts of Appeals while * * * plaintiff unsuccessfully sought to have the action retained in or re-transferred to the District of New Jersey.").  Accordingly, we find that the Plaintiff's argument -- that she cannot be required to litigate her action in this District -- is without merit, and  provides no justification for her refusal to respond to discovery.

- 4 -

As to the Plaintiff's conclusory contentions concerning the impropriety of the Defendants' discovery requests, we find no basis for granting her request for a Protective Order, or for denying the Defendants' requests to compel discovery.  The Plaintiff has not drawn our attention to any specific discovery request, nor has she provided any cogent explanation, or legal authority, that would support her characterization of the Defendants' requests.  While the Plaintiff may hold a view that the operative facts can only be interpreted in her favor, the Defendants have no obligation to share that view, as they are entitled to "obtain discovery regarding any matter, not privileged, which is relevant to the claim or defense of any party." <u>Rule 26(b)(1), Federal Rules of Civil Procedure.</u>[1]    Moreover, much, if not all, of the discovery merely requires the Plaintiff to provide written responses, or assorted documents, which does not appear to impose any undue burden upon the Plaintiff.  Accordingly, we deny the Plaintiff's Motion for a Protective Order.

---

[1]In her filing, the Plaintiff references "stipulated facts set forth in filed responsive memoranda * * * [which] clearly evidence that the Defendants have no defense to the Plaintiff's constitutional claims."  <u>Plaintiff's Motion for a Protective Order</u>, <u>Docket No. 158</u>, at p. 5.  However, the Defendants deny any such stipulation, and our independent search disclosed none.  See, <u>Affidavit of Toni A. Beitz</u>, <u>Docket No. 162</u>, at ¶5.

Lastly, we note that the Plaintiff, in bold-faced type, represents that she has "clearly communicated to the Defendants and the Minnesota District Court that she would not respond to any Defendant discovery or otherwise participate in litigation activities unless and until such activity could be closely supervised by a New Jersey federal judge." <u>Plaintiff's Motion for a Protective Order</u>, at p. 5. Not surprisingly, the Plaintiff cites no authority for such a unilaterally-imposed limitation on discovery and, unquestionably, a wholesale refusal to participate in discovery, without a meritorious basis, contravenes the express requirements of the Federal Rules of Civil Procedure.

Lest the point has been lost on the Plaintiff, this case is not now in this District by any action by this Court -- rather, the District Court in New Jersey removed the case here, and that removal was affirmed by the United States Court of Appeals for the Third Circuit. The Plaintiff will either properly respond to the Defendants' legitimate discovery requests, or be subject to reasonable sanctions which could include monetary penalties, or other corrective measures, including the dismissal of her action. See, <u>Rule 37, Federal Rules of Civil Procedure</u>.

Lastly, in view of the delays in the progress of this case occasioned by the review of the Plaintiff's appeal by our Court of Appeals, we find good cause for the grant of a four (4) month extension in each of the deadlines previously established in

our Pretrial Order, with the exception of the deadline for adding parties, or amending the pleadings.   Accordingly, we grant the Defendants' request for an extension of the applicable pretrial deadlines.

NOW, THEREFORE, It is --

ORDERED:

1.     That the Defendants' Motions to Amend the Pretrial Scheduling Order, and to Compel Discovery [Docket Nos. 140, 145, 151], are GRANTED.

2.     That the Plaintiff's Motion for a Protective Order [Docket No. 158] is DENIED.

3.     That all deadlines established in our Pretrial Scheduling Order, dated September 14, 2006 -- except for the deadline to add parties and amend pleadings -- are extended by a period of four (4) months.

4.     That should the Plaintiff fail to serve full and complete discovery responses to the Defendants' discovery requests, within **30 days of the date of this**

**Order**, or otherwise responsibly comply with the Federal Rules of Civil Procedure, the Court may consider the full panoply of sanctions, which are prescribed by Rule 37, Federal Rules of Civil Procedure.

BY THE COURT:

Dated:  May 11, 2007                         s/Raymond L. Erickson
                                             Raymond L. Erickson
                                             CHIEF U.S. MAGISTRATE JUDGE