UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

BARBARA R. BURNS,                                    Case No. 05-CV-0858 (PJS/RLE)

         Plaintiff,

v.

OFFICE OF ATTORNEY GENERAL,
STATE OF MINNESOTA; CITY OF APPLE                    ORDER
VALLEY, its employees and agents;
DAKOTA COUNTY, its employees and
agents; CITY OF RICHFIELD; CITY OF
RICHFIELD POLICE DEPARTMENT;
THOMAS FITZHENRY; HENNEPIN
COUNTY, its employees and agents;
STEVEN SUTTON,

         Defendants.

---

Barbara R. Burns, plaintiff pro se.

Jason M. Hively, IVERSON REUVERS, LLC, for defendants City of Apple Valley, City of Richfield, City of Richfield Police Department, and Thomas Fitzhenry.

Andrea G. White, DAKOTA COUNTY ATTORNEY'S OFFICE, for defendant Dakota County.

Toni A. Beitz, HENNEPIN COUNTY ATTORNEY'S OFFICE, for defendants Hennepin County and Steven Sutton.

This matter is before the Court on the objection of plaintiff Barbara R. Burns to the February 4, 2009 Report and Recommendation ("R&R") of Chief Magistrate Judge Raymond L. Erickson. The Court has reviewed de novo those portions of the R&R to which Burns has objected, as required by 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b). The Court adopts

Judge Erickson's thorough and well-reasoned R&R [Docket No. 334] and dismisses all of Burns's claims — the federal claims with prejudice, the state claims without.

In addition, the Court commends Judge Erickson for his work on this case. Burns is, to put it charitably, a difficult litigant, whose past misconduct has resulted in one judge of this Court barring her from contacting any employee of this Court by telephone, *see Burns v. Minnesota*, Civ. No. 3-94-1038, Order at 1 ( D. Minn. Dec. 30, 1994), and another judge of this Court barring her from filing any new lawsuits in this Court "unless the pleadings bear the signature of a duly admitted officer of this Court, or Ms. Burns has applied for, and received, the prior consent of a United States Magistrate Judge," *Burns v. R.A. Ungerman Constr. Co.*, No. 4-95-CV-27, Order at 4 (D. Minn. Mar. 24, 1995).[1] Judge Erickson has borne the brunt of Burns's misbehavior throughout this action, including ad hominem attacks on Judge Erickson himself. Judge Erickson took it all in stride, treating Burns with patience and respect, giving painstaking consideration to each of Burns's claims, and doing excellent work.

Because the Court agrees entirely with Judge Erickson's analysis, the Court writes only to address a few issues related to Burns's objection to the R&R.[2]

---

[1]Although this action arises out of conduct that occurred exclusively in Minnesota, and although all of the defendants to this action are citizens of Minnesota, Burns filed this lawsuit in the United States District Court for the District of New Jersey, and thus Burns technically did not violate the order barring her from filing new cases in this Court. The action was subsequently transferred to this Court over Burns's objection.

[2]Burns recently faxed to the undersigned's chambers a copy of a letter addressed to Chief Judge Michael J. Davis. The Court directed the clerk's office to docket the letter and the accompanying fax cover sheet [Docket No. 341]. The Court addresses in a separate order the issues raised by Burns in her letter.

To begin with, Burns grossly violated the local rules that apply to such objections. Under Local Rule 72.2(b), an objection to an R&R "shall not exceed 3,500 words counted in accordance with Rule 7.1 and must comply with all other requirements contained in Rule 7.1(c) and (e)." D. Minn. L.R. 72.2(b). Burns's objection alone was roughly 9,100 words — almost triple the words that she was permitted. But Burns did not stop there. She also attached to her objection a document designated "Appendix A," which is simply a continuation of her objection. That "appendix" was roughly 8,300 words. Burns's violation of the local rule was surely intentional, as Burns is a perennial litigant who is intimately familiar with the rules of this Court. For that reason alone, this Court overrules Burns's objection and adopts Judge Erickson's R&R.

To ensure that no injustice has been done to Burns, this Court has nevertheless read all of Burns's objection. (The Court has disregarded Burns's "Appendix A.") The Court also considered Hennepin County's response to Burns's objection [Docket No. 338]. That response is properly before the Court. Local Rule 72.2(b) provides: "A party may respond to another party's objections within 10 days after being served with a copy thereof." D. Minn. L.R. 72.2(b).

Burns devotes a significant part of her objection to her contention that she is not a Minnesota resident, but a resident of New Jersey. Burns appears to base two different arguments on this contention about her purported New Jersey residence. First, she continues to insist that the Court lacks personal jurisdiction over her. Obj. at 2 [Docket No. 337]. But as the Court said almost two years ago in rejecting Burns's argument that the case was improperly transferred here:

> Burns contends that this court "has not established that it can
> obtain and exercise personal jurisdiction of the Plaintiff, a New

- 3 -

> Jersey resident." Docket No. 167 at 2. But lack of personal
> jurisdiction is a *defense* — it is to be raised by *defendants*. *See*
> Fed. R. Civ. P. 12(b). A plaintiff who chooses to file a suit in one
> federal court submits to the jurisdiction of *all* federal courts.

Order July 24, 2007 at 3 [Docket No. 203]. Burns simply ignores the Court's words and persists

in objecting to personal jurisdiction as though she were a defendant who had been sued in

Minnesota. Burns is not a defendant, and, even if she were, the notion that a Minnesota court

could not exercise personal jurisdiction over her in this lawsuit — a lawsuit arising out of actions

taken in Minnesota, by Minnesota citizens, against someone who claimed in her pleadings to be

a Minnesota citizen — is absurd.

Second, Burns seems to argue that because she is a New Jersey resident, the City of

Apple Valley should not have issued the citations that led to her arrest on a bench warrant in

November 2003. Obj. at 7-14. But whether those citations were valid is entirely irrelevant to

Burns's claims against defendants Dakota County, the City of Richfield, Thomas Fitzhenry,

Hennepin County, and Steven Sutton. Those defendants had nothing to do with the citations

themselves; their actions all related to or followed from a bench warrant that was issued when

Burns failed to appear at a hearing about the citations. The validity of that bench warrant and the

propriety of enforcing it have nothing to do with the validity of the citations. If a party is

ordered to appear in court, that party must appear, regardless of whether the charges giving rise

to the court-ordered appearance are proper or not. And as Judge Erickson correctly found,

Fitzhenry was entitled to rely on the bench warrant when he arrested Burns, and Hennepin

County was entitled to incarcerate her following the arrest. R&R at 23-25, 38 ("[W]e have

already determined that Fitzhenry had probable cause to arrest the Plaintiff, and resultantly, there

can be no cognizable claim for false imprisonment against any Defendant, including Hennepin County.").

With respect to Apple Valley, which issued the citations, the Court agrees with Judge Erickson that Burns's claims against Apple Valley fail for the reasons given in the R&R: She has not raised a legally cognizable claim for conspiracy to violate her civil rights, she has not raised a legally cognizable claim for malicious prosecution under 42 U.S.C. § 1983, she has not identified any policy or custom on the part of Apple Valley to support her constitutional claims, and many of her claims against Apple Valley have been fully resolved in a separate lawsuit. R&R at 34-38 & 34 n.17.

Burns also objects that the case cannot be dismissed because the State of Minnesota is a necessary and indispensable party. This objection is frivolous. In an R&R dated March 8, 2007, Judge Erickson recommended dismissing without prejudice Burns's claims against the Office of the Attorney General of the State of Minnesota because Burns did not properly effect service on the state. R&R Mar. 8, 2007 at 12-17 [Docket No. 130]. The Court adopted that R&R on August 2, 2007, but inadvertently failed to dismiss Burns's claims against the State of Minnesota. Order Aug. 2, 2007 [Docket No. 208]. The Court remedied its oversight in an order dated September 16, 2008. Order Sept. 16, 2008 at 3 [Docket No. 326]. Burns failed to prove that she properly served the State of Minnesota. She cannot now argue that because the state is not a part of the lawsuit — a situation for which she alone is responsible — this suit cannot be dismissed.

Moreover, the State of Minnesota is plainly *not* an indispensable party under Rule 19 of the Federal Rules of Civil Procedure. Burns's case arises out of her arrest by a Richfield police

officer, and her subsequent detention by Hennepin County, on a bench warrant issued by Dakota County that related to citations issued by the City of Apple Valley.  The Court can "accord complete relief among existing parties" without the State of Minnesota as a defendant.  Fed. R. Civ. P. 19(a)(1)(A).  Finally, even if the State of Minnesota *were* an indispensable party, the Court would have two choices: to "proceed among the existing parties" or to dismiss the case. Burns seems to want the Court to do something else entirely: to deny the meritorious motions of the existing parties, and to grant her non-meritorious motion.  The Court declines to do so.

Burns also objects on the basis that discovery is incomplete.  This, too, is a frivolous objection.  This case has been pending in this Court for almost four years.  Burns has had ample opportunity to take discovery.

Finally, Burns seems to object to Judge Erickson's recommendation that the Court decline to exercise supplemental jurisdiction over Burns's state-law claims and dismiss those claims without prejudice.  Obj. at 5.  Burns argues that since she is a citizen of New Jersey, and defendants are citizens of Minnesota, this Court has original jurisdiction over her state-law claims under § 1332(a)(1).  *Id.*

The Court first notes that, in her First Amended Complaint, Burns does not allege that this Court has diversity jurisdiction over any of her claims — and for good reason:  In that same complaint, Burns contends that she is a citizen of *Minnesota* (as well as New Jersey) and that she resided "at all relevant times . . . at 13684 Harmony Way, Apple Valley, Minnesota" (as well as at an address in New Jersey).  First Am. Compl. ¶ 1.  It is a "well-established rule that diversity of citizenship is assessed at the time the action is filed."  *Freeport-McMoRan, Inc. v. KN Energy, Inc.*, 498 U.S. 426, 428 (1991); *see also Harris v. Garner*, 216 F.3d 970, 983 (11th Cir. 2000)

("It is well established that the only citizenship of the original parties that matters for purposes of determining whether diversity jurisdiction exists is their citizenship at the time the lawsuit is filed; any changes in a party's citizenship that occur after filing are irrelevant.").  Burns declared at the outset of this litigation that she was a citizen of Minnesota, there has been no finding to the contrary by this Court, and thus Burns must accept the consequences of her assertion.

Burns points out that Judge Dennis M. Cavanaugh of the United States District Court for the District of New Jersey found that she was a citizen of New Jersey in a December 30, 2008 order.  *See Estate of Renee A. DeFina v. Burns*, No. 08-CV-4457 (DMC), slip op. at 3 (D.N.J. Dec. 30, 2008).  That order was entered in the course of litigation filed by the estate of Burns's late mother to eject Burns from a condominium.  That litigation was filed in a New Jersey state court, removed to federal court by Burns, and then remanded to state court.  Burns filed a motion for reconsideration of the remand order, arguing that she was a citizen of *Minnesota*, and thus that the federal court had jurisdiction over the lawsuit under 28 U.S.C. § 1332.  Judge Cavanaugh found that at some earlier point Burns had become domiciled in New Jersey and that "since it is unclear where [Burns] currently resides, and because [Burns] has not provided sufficient evidence to the contrary, the Court sees no reason to find that [Burns's] status as a New Jersey domiciliary, once established, has changed."  *Id.* at 4 (footnote omitted).

But that order was entered in litigation between the estate of Burns's mother and Burns, based upon the evidence presented by those two parties.  The order in no way binds this Court or any of the defendants to this action — who, obviously, were not parties to the New Jersey litigation.  Burns seems to think that she can say whatever she wants about her residence, regardless of the truth.  When it is to Burns's advantage to say that she is a Minnesota resident

(as it was in the New Jersey case), that is what she says.  When it is to Burns's advantage to say that she is a New Jersey resident (as she thinks it is in this case), that is what she says.

Again, Burns asserted in her complaint that she was a citizen of Minnesota (as well as New Jersey), and just a few months ago Burns insisted before another federal court that she was a citizen of Minnesota (and not of New Jersey).  The defendants have not contested Burns's assertion that she is a citizen of Minnesota; to the contrary, they have expressed great skepticism about her claims to reside anywhere other than Minnesota.  And this Court has never found that Burns's allegation that she is a citizen of Minnesota is untrue.  The Court holds Burns to her assertions, and accordingly, the Court finds that it lacks diversity jurisdiction over Burns's state-law claims against Minnesota citizens.

Alternatively, even if this Court were to find that it had diversity jurisdiction over Burns's state-law claims, it would dismiss those claims as a sanction for Burns's bad faith in swearing before one federal court that she was a citizen of Minnesota while *at the same time* swearing before another federal court that she was not a citizen of Minnesota.  Obviously, the misconduct of a litigant cannot confer subject-matter jurisdiction on a federal court where none exists; but a federal court has inherent authority to decline to exercise subject-matter jurisdiction in aid of a litigant who, like Burns, has attempted to commit fraud on the federal courts.  *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 44 (1991).  Given that Burns's inequitable conduct involves attempting to manufacture federal jurisdiction by insisting when she is sued by a New Jersey citizen that she is a citizen of Minnesota, while simultaneously insisting when she sues Minnesota citizens that she is a citizen of New Jersey, dismissal of her state-law claims without prejudice would be a measured and appropriate sanction.

- 8 -

ORDER

Based on the foregoing and on all of the files, records, and proceedings herein, the Court OVERRULES Burns's objection [Docket No. 337] and ADOPTS Judge Erickson's February 4, 2009 Report and Recommendation [Docket No. 334].  Accordingly, IT IS HEREBY ORDERED THAT:

1.      The motion of plaintiff Barbara Burns for summary judgment [Docket No. 314] is DENIED.

2.      The motion of defendant Dakota County for summary judgment [Docket No. 275] is GRANTED.

3.      The motion of defendants Hennepin County and Steven Sutton for summary judgment [Docket No. 278] is GRANTED.

4.      The motion of defendants City of Apple Valley, City of Richfield, City of Richfield Police Department, and Thomas Fitzhenry for summary judgment [Docket No. 293] is GRANTED.

5.      Accordingly:

   a.      Count I of plaintiff's First Amended Complaint is DISMISSED WITH PREJUDICE AND ON THE MERITS.

   b.      With respect to Count II of plaintiff's First Amended Complaint:

      i.      Count II is DISMISSED WITH PREJUDICE AND ON THE MERITS, except to the extent that it asserts claims under state law.

        ii.      To the extent that it asserts claims under state law, Count II of

plaintiff's First Amended Complaint is DISMISSED WITHOUT

PREJUDICE.

    c.       Count III of plaintiff's First Amended Complaint is DISMISSED WITH

PREJUDICE AND ON THE MERITS.

    d.       Counts IV through VII of plaintiff's First Amended Complaint are

DISMISSED WITHOUT PREJUDICE.

LET JUDGMENT BE ENTERED ACCORDINGLY.


Dated:  March 27, 2009                s/Patrick J. Schiltz
                                             Patrick J. Schiltz
                                             United States District Judge